## STATE vs. ORRIE W. NELSON

1. PARENT AND CHILD—"DESTITUTE OR NECESSITOUS CIRCUMSTANCES," WITHIN NONSUPPORT ACT, DEFINED.

Young children, without property, are in "destitute or necessitous circumstances," within the Nonsupport Act (*Rev. Code* 1915, §§ 3033-3046), when the father can, but does not, and the mother cannot out of her independent means, provide for them, though the mother and children are supported by the maternal grandmother.

2. PARENT AND CHILD—RELATIVE TO GUILT OF FATHER FOR NONSUPPORT OF CHILDREN, HIS DIFFICULTIES WITH HIS WIFE ARE IMMATERIAL.

With respect to the question of a father's guilt of nonsupport of his children, his difficulties with his wife, including their separation, and her taking the children with her, whoever be at fault, are immaterial and irrelevant, and furnish no lawful excuse.

3. PARENT AND CHILD—FATHER'S INABILITY TO SUPPORT CHILDREN, BECAUSE OF PHYSICAL INABILITY TO WORK, EXCUSE FOR NONSUPPORT.

A father's finanical inability to support his young children, if the result of physical inability to work, he being without property, is a lawful excuse for his nonsupport of them; but if he is physically able to work, he must seek such employment as he can procure, though different from his usual occupation.

(*February*, 1921.)

BOYCE, J., sitting.

*Charles Sudler Richards*, Deputy Atty.-Gen., for State.

*James M. Tunnell* for accused.

Court of General Sessions for Sussex County, February Term, 1921.

INDICTMENT No. 5, February Term, 1921.

Orrie W. Nelson was indicted and tried before a jury for non-support of his two minor children.   Verdict not guilty.

It was charged in the indictment in a single count that Orrie W. Nelson on the——of December, 1920, unlawfully, without lawful excuse, wilfully neglected to provide for the support of his two minor children, then and there under the age of 16 years, being then and there in destitute and necessitous circumstances, against, etc.

The accused husband was injured in February, 1919, and had to go to and remained in a hospital for about three weeks, and was thereafter under the care of a physician until some time about July following, when he went to his home in Delaware.   He re-received pay for his injury through the Compensation Board of Pennsylvania until September, 1919.   In August of 1919, and during the period when he was most of the time at his home, he assisted in bringing a boat from Norfolk, Va., to Philadelphia.   He worked on a boat from some time in October until March, 1920, when the boat sank.   He shortly thereafter procured work on another boat, and remained until about June, 1920, when he was again slightly injured.   He was compelled to leave the boat because of the injurious effect the heat thereafter had upon him. He spent the summer of 1920 and up until about September 15th with his family at Bethany Beach, Sussex county.   The wife testified that she was compelled to go to the home of her mother at Bethany Beach early in the spring of 1920, and take with her her two children for support;  that her husband came home in June, 1920, and they went to live together in his house, adjoining her mother's property at Bethany Beach, and that they were supported almost entirely by her mother.   The wife made a few purchases on the credit of her husband at the store of a Mr. Bunting, but disclaimed any knowledge that her husband had made any arrangements at the store for her to have credit.   She admitted that her husband had sent a coat and hats to the children in the fall of 1920.   She also admitted that her husband had sent her certain money, and that since September 15, 1920, the father of her husband had paid to her $60, but that most of the money sent

by her husband was spent in paying bills past due for groceries, medicines and medical attention   The husband testified that he had sent his wife, while employed and since the injury, something like $25 per week up until the summer of 1920, and that since, until the time of his arrest, he had sent his wife $140, paid a doctor's bill of something like $25, and paid a grocery bill of about $40; that in addition to this he had arranged for his wife to procure all the groceries that she might need at the store of Mr. Bunting, at Ocean View; that he had also furnished her a home with furniture at Bethany Beach.

Boyce, J., charged the jury in part:

[1]  *  *  *  Children two and six years of age, respectively, having no independent means, or property in their own right are generally to be regarded as in destitute or necessitous circumstances within the meaning of the statute, when the father can, but does not, and the mother cannot out of her own independent means, provide for them, though both the mother and the children be in fact, supported by the maternal grandmother.  A father's liability to support his minor child, or children, under the age of 16 years, generally exists, when, so far as anything he does for them, the children would be in destitute and necessitous circumstances.

[2]  The marital difficulties and misunderstandings which have existed in the past, or which now exist between the accused in this prosecution and his wife, including their present separation, are matters both immaterial and irrelevant with respect to the issue which you are to determine, and they should not be considered by you.  In *Donaghy v. State,* 6 *Boyce,* 467, 530, 531, 532, 100 *Atl.* 696, it being a prosecution for the failure to support a minor child, it was held that it was the duty of the father to support his child if he was financially able to do so, provided the child was in destitute and necessitous circumstances, even though the wife without sufficient excuse refused to live with her husband; that the separation of the father and mother, no matter through which one's fault, is not a lawful excuse for the father's refusal to support a young child in destitute and necessitous circumstances within the meaning of the statute; that mere refusal of a wife to

Opinion.

live with her husband, even though she had no just cause to leave him, does not furnish him a lawful excuse for failure to support a child she takes with her.   But it was said:

"The financial inability of the father to support his child would be a lawful excuse for nonsupport.   *   *   *   And perhaps the independent and adequate means of the wife, who without just cause separates herself and her child from her husband, would be a lawful excuse for his refusal to support the child.   The desire of the grandparent to have the custody of the child, with an assumption of the legal liability to support it, might also furnish sufficient excuse for the father to refuse to support the child who is supplied with the necessaries of life."

It was suggested that other instances, no doubt, could be mentioned in which the words "without lawful excuse," employed in the statute, might very well apply within legislative intendment. The question for you to determine is not whether the wife had a lawful excuse for leaving her husband and taking her children with her, but whether the father had refused to support his children as fully as he was reasonably able and capable of doing; and if he has refused to support his children whether he has shown a lawful excuse for doing so.

[3]   A father without lawful excuse is under a legal liability to support his child, or children, under the age of sixteen years. The financial inability of the father to support his child, if the result of physical inability to work, he being without independent means out of which he could furnish support for his child, constitutes a lawful excuse for the child's nonsupport.   It is for you to say, from all the evidence in this case, whether the father has reasonably done all he could towards the support of his two children, and particularly so since September last.   In a case of this kind, it is not only the duty of the father to reasonably support his young children according to his circumstances in life, but it is equally his duty to seek such employment as he can procure, though it may be different from his usual occupation, to the end that he may assist in the support of his children, at least, to the best of his ability, under all the circumstances of the particular case.  *  *

Verdict, not guilty.